**UNITED STATES of America, Plaintiff,**

v.

**Gary ZIMMERMAN, Defendant.**

**Criminal No. 2:96CR5.**

United States District Court,
N.D. West Virginia.

March 14, 1997.

David H. Wilmoth, Elkins, WV, for Plaintiff.

Sherry Muncy, Asst. U.S. Atty., Elkins, WV, for Defendant.

## ORDER

MAXWELL, District Judge.

On February 7, 1996, an Indictment was returned charging the defendant with six counts of mail fraud and one count of knowingly possessing with intent to unlawfully use five identification documents. On April 8, 1996, the defendant filed a Motion to Suppress.[1]

By Order entered May 6, 1996, the Court referred the motion to suppress and any further pre-trial motions to United States Magistrate Judge David L. Core. On May 24, 1996, the defendant filed a Motion to Quash Subpoena Duces Tecum and a memorandum in support of the motion to suppress and the motion to quash.[2]

On May 31, 1996, Magistrate Judge Core filed his Proposed Findings of Fact and Recommendation for Disposition, in which he recommends that the Court deny the defen-

dant's motion to suppress and motion to quash subpoena duces tecum. The magistrate judge concluded that suppression of evidence is not an available remedy for a violation of the Right to Financial Privacy Act.

The defendant filed objections on June 10, 1996. The Court reviewed the record, and by Order entered September 20, 1996, directed the parties to supplement the record. As directed, the record has now been supplemented with a copy of the subpoena duces tecum, the affidavit in support of the search warrant, the search warrant, and the inventory of items seized during the search. Counsel for the United States also filed affidavits from the Prosecuting Attorney and Deputy Sheriff of Tucker County, West Virginia.

On December 4, 1996, the Court conducted a hearing for the purpose of hearing any additional evidence on the motions and objections and to hear oral argument. The Court heard testimony from Edward Surguy, Deputy Sheriff of Tucker County, West Virginia, and also heard arguments from counsel.

The Court has reviewed the record before it and has conducted a *de novo* review of all matters before the Magistrate Judge in considering the motions. It appears to the Court that the Proposed Findings of Fact and Recommendation for Disposition accurately reflects the law applicable to the facts and circumstances before the Court in this present criminal action. Moreover, the defendant's objections have not raised any issues which were not thoroughly and accurately considered by Magistrate Judge Core in his Proposed Findings of Fact and Recommendations for Disposition.

█ The Court deviates from the findings of the Magistrate Judge in one respect. Whereas the Magistrate Judge assumed the applicability of the Right to Financial Privacy Act and determined that suppression of evi-

---

1. The motion seeks to suppress evidence obtained by a subpoena duces tecum and subsequent search warrant. The motion charges that the deputy sheriff who obtained the subpoena duces tecum and subsequent search warrant violated the Right to Financial Privacy Act of 1978. 12 U.S.C. § 3401, *et seq.*

2. The motion to quash alleges that the subpoena duces tecum is invalid under the West Virginia Rules of Criminal Procedure in that the deputy sheriff failed to follow proper procedures in obtaining the subpoena duces tecum.

dence was not an appropriate remedy for violations of the Act, the Court finds that the Right to Financial Privacy Act does not apply to requests for information from state and local governmental agencies, and thus, is not applicable to the facts of this case.

Under the Right to Financial Privacy Act, financial institutions are prohibited from providing access to the financial records of any customer of the financial institution to a government authority, except in accordance with the provisions of the Act. 12 U.S.C. § 3402. The term "government authority" is defined as "any agency or department of the United States, or any officer or employee, or agent thereof. . . ." 12 U.S.C. § 3401(3).

The Right to Financial Privacy Act does not apply to state and local governments or to private parties and, therefore, does not restrict state or local law enforcement officers from obtaining customer financial records from banks. R. Fischer, *The Law of Financial Privacy*, 2–4, 2–8 (1991).[3] The legislative history of the Act expressly reflects Congress's intent to exempt state and local governments from the disclosure restrictions imposed upon federal agencies:

> Finally, it is important to note that the scope of this title is limited to officials of Federal agencies and departments and to employees of the United States. This limitation reflects our belief that legislation affecting state and local government is the proper province of the respective State governments and of the Conference of Commissioners on Uniform State laws. We believe that grave constitutional and political issues would have been raised if

this title had applied to other levels of Government. Several States, most notably California, have enacted financial privacy statutes of their own. This is a movement which deserves both our support and our forbearance.

H.R.Rep. No. 95–1383, at 247 (1978), *reprinted in* 1978 U.S.C.C.A.N. 9273, 9376 (minority views).

Disclosure of financial records to state and local governments is regulated, if at all, by state law. Although several states have enacted financial privacy legislation, the West Virginia Legislature has not acted in this area of bank regulation. Therefore, Deputy Sheriff Surguy violated no state or federal statute when he obtained the financial records of Thomas Hughes from the National Bank of Davis, West Virginia.[4]

■ Although the defendant is without a statutory claim, he also contends that the deputy sheriff violated his Fourth Amendment rights. Although the Court recognizes that the general public perceives that customers of banks maintain an expectation of privacy in their financial records, the Supreme Court has, nonetheless, determined that bank customers have no legitimate Fourth Amendment expectation of privacy in the records of their accounts maintained by banks. *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976).[5] Unfortunately, *Miller* remains the law of the land.[6] Accordingly, it is

**ORDERED** that the defendant's Motion to Suppress and his Motion to Quash Subpoena Duces Tecum be, and the same are hereby, **DENIED.** It is further

---

**3.** The defendant has presented no legal authority which suggests that the Right to Financial Privacy Act applies to state and local governments.

**4.** This is not to say that the Court approves of the methods used by the deputy sheriff to obtain the bank records. The Court urges the Prosecuting Attorney of Tucker County to review his policy in this sensitive area, and at a minimum, present such a request to a properly-seated grand jury or circuit judge.

**5.** *Miller* has been resoundingly criticized by many. One highly-respected constitutional scholar has gone so far to say:

> The result reached in Miller is dead wrong, and the Court's woefully inadequate reasoning

does great violence to the theory of Fourth Amendment protection which the Court had developed in Katz. . . . [Miller] is contrary to the purposes underlying the Fourth Amendment, the teachings of Katz, and the realities of modern-day life.

1 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* 631–632 (1996).

**6.** Although the Right to Financial Privacy Act, enacted by Congress in response to *Miller*, curbs the power of federal law enforcement, there is no corresponding state law which similarly restricts the actions of state and local officers in West Virginia.

**ORDERED** that, within ten (10) days from the date of this Order, counsel for the defendant and counsel for the United States shall advise the Court as to mutually convenient dates for the scheduling of a trial in April 1997.