REQUESTED BY: Dennis Hohbein, State Fire Marshal
You have requested the opinion of this office as to the scope of the subpoena power granted to the State Fire Marshal in Neb. Rev. Stat. §§ 81-509 and 81-510. Your specific question is whether a subpoena issued by the State Fire Marshal, first assistant fire marshal and deputies, has the same authority as a subpoena issued by a district court to obtain financial records and medical records in the course of a fire investigation.
We will first review the statutes which pertain to the Fire Marshal's subpoena power in the context of fire investigations. Neb. Rev. Stat. § 81-508 (1996) provides that the Fire Marshal, when further investigation of a fire is necessary, shall take the testimony upon oath of persons with knowledge in relation to the fire. If the Fire Marshal is of the opinion there is evidence sufficient to charge a person with a crime of arson, he shall then file a complaint with the county attorney and furnish to the prosecuting attorney all evidence or information obtained.
Neb. Rev. Stat. § 81-509(1) provides as follows:
 The Fire Marshal, first assistant fire marshal, and deputies shall each have the power in any county of the State of Nebraska to summon and compel the attendance of witnesses before them, or any of them, to testify in relation to any matter which is by the provisions of sections 81-501.01 to 81-531 a subject of inquiry and investigation, and may require the production of any book, paper, or document deemed pertinent thereto by them or any of them. Such summons shall be served in the same manner and have the same effect as subpoenas from district courts.
Neb. Rev. Stat. § 81-509(1) provides further that all such witnesses will receive compensation and mileage, that the State Fire Marshal and other personnel are authorized to administer oaths to witnesses appearing before them and that a witness' refusal with regard to a subpoena shall be subject to conviction for contempt in a court of competent jurisdiction. Neb. Rev. Stat. § 81-510 provides that "disobedience of a subpoena in such proceedings, or contumacy of a witness, may, upon application of the State Fire Marshal to the district court of the county in which the offense was committed, be punished by the district court in the same manner as if the proceedings were pending in such court."
It is not entirely clear to us what you mean when you ask whether a subpoena issued by your agency "has the same authority as" a subpoena issued by a district court. You have statutory authority to issue an administrative subpoena with regard to a fire investigation and the authority to apply to a court of competent jurisdiction for enforcement if the witness disobeys that subpoena. It is our understanding that the gist of your question is whether there are legal restrictions with regard to your ability to obtain financial records and medical records by virtue of your administrative subpoena power. In each case, we assume you refer to obtaining records from a person or entity other than the subject of the investigation. We will look at each category of records separately.
 1. Financial Records.
There are both state and federal statutes which are relevant to an inquiry as to your ability to obtain financial records by use of your administrative subpoena. As we will discuss later, § 8-1401 has been recently amended by LB 156, Laws 2003. We will first review the current Neb. Rev. Stat. § 8-1401 (Cum. Supp. 2002) which allows certain businesses to keep confidential "any records or information, financial or otherwise, that it deems confidential concerning its affairs or the affairs of any person or corporation with which it is doing business. . . ." The persons, corporations and associations which are allowed to maintain confidentiality as to client or customer records are listed in § 8-1401 and include those organized under the Nebraska Banking Act, the Credit Union Act and a number of other Nebraska acts. The statute permits, but does not require, businesses to keep such records confidential.
§ 8-1401 creates two exceptions under which financial or other records must be disclosed. The first is if "the disclosure relates to a lawyer's trust account" and the second is if "there is presented to such person, corporation, or association a court order of a court of competent jurisdiction setting forth the exact nature and limits of such required disclosure and a showing that all persons or organizations to be affected by such order have had reasonable notice and an opportunity to be heard upon the merits of such order." An administrative subpoena is treated differently than a court order by the current § 8-1401.
The subpoena which may be issued by the State Fire Marshal does not fall within either of these exceptions. However, § 8-1401(1) goes on to provide that this section "shall not apply to any duly constituted supervisory regulatory agency of such person, corporation, or association, to the production of records pursuant to a written demand of the Tax Commissioner under § 77-375, to disclosures governed by rules for discovery adopted and promulgated and pursuant to § 25-1273.01, or to such cases for which specific disclosures are specifically required by other sections of the statutes heretofore or hereafter enacted. . . ." (Emphasis added.) The question then arises as to the meaning of the underlined language. In our view, the better argument is that the Fire Marshal's subpoena power authorized by Neb. Rev. Stat. § 81-509 calls for "specific disclosures" in the context of a fire investigation. On the other hand, the term "specific disclosures" could mean that a statute authorizing an administrative subpoena needs to refer specifically to the obtaining of financial or other business records or to refer specifically to § 8-1401 in order for § 8-1401 to not apply. Our review of the legislative history of § 8-1401 has not been of much assistance in interpreting this statutory language. It does reveal that, over the years, other state agencies such as the Department of Banking and the Department of Revenue have expressed concerns about the applicability of § 8-1401 and have requested the enactment of specific amendments to § 8-1401 to ensure their ability to obtain needed records.
Fortunately, beginning on August 31, 2003, the effective date of LB 156, Laws 2003, § 8-1401(1)(e) will require the disclosure of financial and other covered business records when "[T]he request for disclosure is made pursuant to subpoena issued under the laws of this state by a governmental agency exercising investigatory or adjudicative functions with respect to a matter within the agency's jurisdiction." The subpoena power of the Fire Marshal with regard to a fire investigation clearly fits within this exception. Note that Neb. Rev. Stat. § 8-1402
requires payment of the costs of providing the records.
To complete our inquiry, we have also reviewed the federal Right to Financial Privacy Act, 12 U.S.C. § 3401 to § 3422. The federal act prohibits financial institutions from providing access to customer records, except in accordance with provisions of the Act, but does not apply to requests for information from state and local governmental agencies. For purposes of the federal act, a "government authority" is defined as an agency or department of the United States.12 U.S.C. § 3401(3). See also, U.S. v. Zimmerman, 957 F. Supp. 94
(N.D.W.V.A. 1997), in which a federal district court held that the federal Right to Financial Privacy Act does not apply to state and local governments and does not restrict state or local agencies from obtaining customer financial records from banks.
 2. Medical Records.
You have also asked whether a subpoena issued by your office has the same authority as a subpoena issued by a district court to obtain medical records in the course of a fire investigation. The Nebraska Rules of Evidence include a physician-patient privilege at Neb. Rev. Stat. §27-504 under which a patient may prevent another person from disclosing confidential communications regarding his or her physical, mental, or emotional condition in the context of litigation and, therefore, not applicable to a fire investigation initiated by your agency. Our review of state law reveals no general statutory restrictions on access to medical records.
With regard to federal law, recent federal regulations promulgated to implement the Health Insurance Portability and Accountability Act of 1996 (HIPAA) (pub. L. 104-191) are aimed at maintaining the privacy of protected health information. The regulations limit disclosure of protected health information by health plans and certain health care providers. Although these regulations are new and untested, it appears that the restrictions will not prohibit disclosures for law enforcement purposes if certain conditions are met.
45 C.F.R. § 164.501 defines a law enforcement official to mean "an officer or employee of any agency or authority of the United States, a State, . . . who is empowered by law to: (1) investigate or conduct an official inquiry into a potential violation of law; or (2) prosecute or otherwise conduct a criminal, civil, or administrative proceeding arising from an alleged violation of law." 45 C.F.R. § 164.512 then lists certain uses and disclosures for which consent, an authorization, or opportunity to agree or object is not required. Among those exceptions is § 164.512(f), which provides that a covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if certain conditions are met. The covered entities may disclose health information in compliance with an administrative request, such as an administrative subpoena or summons, provided that "(1) the information sought is relevant and material to a legitimate law enforcement inquiry; (2) the request is specific and limited in scope to the extend reasonably practicable in light of the purpose for which the information is sought; (3) de-identified information could not reasonably be used." § 164.512(f)(1)(C). Thus, it appears that a properly drafted administrative subpoena or summons may be used to obtain medical records from entities otherwise covered by the HIPAA regulations. You should be aware that, even in those circumstances when disclosure to law enforcement is permitted by these federal regulations, the regulations themselves do not require covered entities to disclose any information. Your ability to obtain the requested medical records is still authorized by your state law subpoena power.
Sincerely,
 JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
Approved:
______________________________ Attorney General